1  Drew E. Pomerance, Esq. (SBN. 101239)
   Burton E. Falk, Esq. (SBN. 100644)
2  ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
   5820 Canoga Avenue, Suite 250
3  Woodland Hills, California 91367
   Telephone:  (818) 992-9999
4  Facsimile:   (818) 992-9991

5  Jeff Westerman, Esq. (SBN. 94559)
   Sabrina Kim, Esq. (SBN. 186242)
6  **MILBERG LLP**
   One California Plaza
7  300 South Grand Avenue, Suite 3900
   Los Angeles, California 90071
8  Telephone: (213) 617-1200
   Facsimile: (213) 617-1975

9

10  Attorneys for Plaintiff GARY DAVIS,
    individually and on behalf of himself, and
11  as Private Attorney General and on behalf of
    all others similarly situated

12

13            **UNITED STATES DISTRICT COURT**

14        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

16  GARY DAVIS, an individual; on behalf )   Case No. CV 06 4804 DDP (PJWx)
    of himself, and as PRIVATE           )
17  ATTORNEY GENERAL, and on behalf )
    of all others similarly situated,       )   *(Hon. Dean D. Pregerson, Courtroom 3)*
18                                         )
             Plaintiff,                    )   FIRST AMENDED CLASS ACTION
19                                         )   COMPLAINT FOR:
    v.                                     )   (1) Violation of the Consumers Legal
20                                         )       Remedies Act;
    CHASE BANK U.S.A., N.A., a             )   (2) Violation of the *California Business*
21  Delaware corporation; and DOES 1      )       *and Professions Code Section* 17200
    through 50, inclusive,                 )       et seq.: Unlawful and Unfair
22                                         )       Business Practices;
             Defendants.                   )   (3) Breach of Contract;
23  _____  )   (4) Breach of the Implied Covenant of
                                           )       Good Faith and Fair Dealing;
24                                             DEMAND FOR JURY TRIAL
25
26
27
28

                                   1

Plaintiff Gary Davis, on behalf of himself and all other similarly situated, for his complaint against CHASE BANK U.S.A., N.A. ("Chase Bank"), complains and alleges as follows:

## INTRODUCTION

1.      This case arises from Chase Bank 's fraudulent and unfair business practice of charging its California credit card holders finance charges in connection with purchases at Circuit City advertised as "no interest, no payment," "no interest with minimum monthly payment," or "interest and payment free" (collectively "Promotional Purchase"). Plaintiff, on behalf of himself and all individuals similarly situated, seeks damages and equitable relief for violations of the California Consumers Legal Remedies Act, the *California Business and Professions Code* (Unfair Business Practices), for breach of contract and breach of the covenant of good faith and fair dealing. Chase Bank's fraudulent and unfair business practices violate the rights of unsuspecting California consumers throughout the state, for which California consumer protection laws were designed.

## THE PARTIES

2.      Plaintiff, Gary Davis ("Plaintiff") is now, and at all relevant times was, a resident of the County of Los Angeles, State of California.

3.      At all relevant times, the class of Plaintiffs on behalf of which Plaintiff is bringing this suit, were residents of the State of California. Such persons shall hereinafter be referred to as the "Class" or "Class Members."

4.      Plaintiff is informed and believes, and based thereon alleges that Defendant Chase Bank ("Chase") is a corporation, organized and existing under the laws of the State of Delaware, duly qualified as a foreign corporation to transact business in the State of California, and doing business throughout the State of California. Plaintiff is informed and believes, and based thereon alleges, that

**FIRST AMENDED CLASS ACTION COMPLAINT**

1 Defendant Chase Bank is presently and/or has engaged in business in the County of
2 Los Angeles, State of California.

3      5.      At all times relevant herein, Defendant Chase Bank and Circuit City
4 Stores Inc. (herein Circuit City) offered a credit card called the "Circuit City Rewards
5 Card". This credit card conferred certain benefits to consumers who utilized the
6 credit card to make their purchases such as earning reward points redeemable at
7 Circuit City stores. Another benefit of the Circuit City Rewards Card was access to
8 Defendants' advertised promotions of "no interest, no payment" or "no interest, with
9 minimum payments" for a specified period of time on certain types of Circuit City
10 purchases. ("Promotional Purchases")

11      6.      Plaintiff is informed and believes, and based thereon alleges that at all
12 times herein mentioned, Defendant Chase Bank and DOES 1 through 50, inclusive
13 (hereinafter jointly referred to as "Defendants"), are each responsible in some manner
14 for the transactions, events and occurrences herein alleged and that damages herein
15 alleged were proximately caused thereby. Plaintiff is informed and believes, and
16 based thereon alleges that each of the Doe Defendants was intentionally, negligently,
17 or in some other manner the cause, or contributing cause of, or otherwise responsible
18 for the events and happenings alleged in this complaint and for Plaintiff's injuries
19 and damages and those of the Class. Plaintiff will seek leave to amend this complaint
20 to allege the true names and capacities of each such Doe Defendant, together with
21 such additional allegations as may be appropriate, when their names, capacities, and
22 the nature of their involvement have been ascertained.

23      7.      Plaintiff is informed and believes and thereon alleges that at all times
24 herein mentioned, Defendants, and each of them, were the agents, joint venturers,
25 trustees, servants, partners, alter-egos, parent corporations, contractors, and/or
26 employees of each of the remaining Defendants, and that the acts and/or omissions
27 herein alleged were done by them acting individually, through such capacity or
28 through the scope of their authority, and that such conduct was thereafter ratified by

1   the remaining Defendants.

2      8.      At all relevant times, Defendants, and each of them, solicited business
3   from residents and other individuals within the State of California, conducted
4   business with consumers in the State of California, conducted business with Plaintiff
5   and others similarly situated with him herein, and solicited business from Plaintiff
6   and others similarly situated with Plaintiff, said business being the subject matter of
7   this complaint.

8                          **CLASS ACTION ALLEGATIONS**

9      9.      Plaintiff brings this class action, on behalf of himself and all others
10  similarly situated in California during all or part of the class period, as more fully
11  explained below.  The questions of law or fact common to the class predominate over
12  questions affecting the individual members and, on balance, a class action is superior
13  to other methods available for adjudicating the controversy.

14     10.     The proposed class Plaintiff seeks to represent is presently defined as
15  follows:

16     All persons who, in the past four years, used their Chase-Circuit City Rewards
17  Card to

18     (a) make a Non-Promotional and a Promotional Purchase in California;

19     (b) had made the minimum (or greater) payment for their non-promotional
20  purchase(s) on their prior statement closing balance ("Payment"); and

21     (c) were assessed a finance charge on their prior balance without Chase having
22  applied that Payment to their prior balance because Chase applied the payment to the
23  Promotional Purchase rather than to the prior balance.

24     11.     There is a well-defined community of interest in the litigation and the
25  proposed class is easily ascertainable.

26     12.     Numerosity: The Plaintiff Class is potentially so numerous that the
27  individual joinder of all members is impracticable under the circumstances of the
28  case.  While the exact number of class members is unknown to Plaintiff at this time,

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff is informed and believes and thereon alleges that Chase's Circuit City Reward Card Promotional Purchase program was a widespread program marketed and promised to numerous individuals within the customer base of Defendants.

13.   Common Questions Predominate:  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

(a)   Whether Defendants have engaged in practices proscribed by the Consumer Legal Remedies Act, *Civil Code* section 1770, subsection (a)(9), by "advertising goods or services with intent not to sell them as advertised";

(b)   Whether Defendants have engaged in practices proscribed by the Consumer Legal Remedies Act, *Civil Code* section 1770, subsection (a)(14), by "representing that a transaction confers or involves rights, remedies or obligations which it does not have or involve, or which are prohibited by law";

(c)   Whether Defendants have engaged in practices proscribed by the Consumer Legal Remedies Act, *Civil Code* section 1770, subsection (a)(19), by "inserting an unconscionable provision in the contract";

(d)   Whether Defendants have violated the Consumer Legal Remedies Act, *Civil Code* section 1750 et seq., by engaging in other and/or additional practices proscribed therein;

(e)   Whether Defendants' conduct is "unlawful," "unfair" or "fraudulent" within the meaning of California's Unfair Business Practices Act, *Business and Professions Code* section 17200, et seq.

(f)   Whether in their uniform, written credit applications and marketing materials, Defendants have failed to disclose material terms of Defendants' Promotional Purchase offer;

(g)   Whether Defendants made uniform, material false representations to the effect that consumers would not be charged interest on Promotional

1   Purchases.

2       14.   Typicality: Plaintiff's claims are typical of the claims of the members of

3   the Plaintiff Class.  Due to Defendants' common course of conduct, Plaintiff and all

4   members of the Plaintiff Class have been unwittingly forced to pay off the

5   Promotional Purchases prior to the expiration of the advertised grace period for such

6   payments and have been assessed a finance charge or charges in connection with a

7   purchase advertised as "interest and payment free" if made with their Circuit City

8   Rewards Card.

9       15.   Adequacy:  Plaintiff will fairly and adequately protect the interests of the

10   members of Plaintiff Class.  Plaintiff resides in California and has been charged

11   finance fees in connection with one or more Promotional Purchases.  Plaintiff has

12   retained counsel who have substantial experience in complex civil litigation and class

13   actions.

14       16.   Superiority:  The class action is superior to other available means for the

15   fair and efficient adjudication of the claims of Plaintiff.  The damages suffered by

16   each individual Class Member may be limited.  Damages of such magnitude are small

17   given the burden and expense of individual prosecution of the complex and extensive

18   litigation necessitated by Defendants' conduct.  Further, it would be virtually

19   impossible for the members of the Class individually to redress effectively the

20   wrongs done to them.  Even if the Class Members themselves could afford such

21   individual litigation, the court system could not.  Individualized litigation presents a

22   potential for inconsistent or contradictory judgments.  Individualized litigation

23   increases the delay and expense to all parties and the court system presented by the

24   complex legal and factual issues of the case.  By contrast, the class action device

25   presents far fewer management difficulties, and provides the benefits of single

26   adjudication, economy of scale, and comprehensive supervision by a single court.

27   Certification is also appropriate given the anticipated need to create a fluid recovery

28   fund.

1       17.    Plaintiff is unaware of any particular difficulties that are likely to be

2   encountered in the management of this action that would preclude its maintenance as

3   a class action.

4                  **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

5       18.    Defendants solicited Plaintiff and others similarly situated to make

6   purchases at Circuit City using Defendants' Circuit City Rewards Card and in

7   exchange for using its services, Plaintiff and others similarly situated were eligible to

8   receive an interest and payment free period in which to pay off the balance on certain

9   purchases described herein as "Promotional Purchases."

10       19.    From time to time, Defendants advertise the ability to make Promotional

11   Purchases. These advertisements offer "no interest, no payments" or "no interest with

12   minimum payments" for a variable period based on the amount of the purchase.  For

13   example, a Circuit City Rewards Card promotional item offered to consumers in

14   2006, states in large writing: "No interest! No payments!  For six months when you

15   spend $499 or more.  For 90 days when you spend $299 or more."  "It is easy to take

16   advantage of this offer!  When you make a purchase with your Circuit City credit

17   card, present this certificate to the store associate to scan."  (A true and correct copy

18   of this Circuit City Rewards Card promotional material  is attached hereto as Exhibit

19   A).

20       20.    Plaintiff is informed and believes and thereon alleges that this

21   promotional material as well as variations of this promotional material, advertising

22   "no interest, no payment" for a specified period of time, was provided or made

23   available, from time to time, to each of the Class Members.

24       21.    On March 3, 2006, Plaintiff purchased a television set from Circuit City,

25   charging $2,000 to his Chase Circuit City Rewards Card.  Although Plaintiff did not

26   request that this item be treated as a Promotional Purchase, Defendants nevertheless

27   automatically treated this item as a Promotional Purchase, with the term of no interest

28   with minimal payment until January 2008.

**FIRST AMENDED CLASS ACTION COMPLAINT**

22.   Prior to the purchase of the subject television, Defendant Chase Bank billed Plaintiff for purchases made between January 14, 2006, and February 13, 2006 ("February Statement"), on his Circuit City Rewards Card.  Payment was due by March 10, 2006, and if Payment was posted by March 10, 2006, no finance charge should be applied because the balance would have been paid in full.  Alternatively, if partial Payment was made either of the minimum amount or a greater amount, then a finance charge should be applied only against the remaining balance after subtracting the Payment made.  Plaintiff returned two items and made two on-line payments consisting of the total amount owing on March 4, 2006, and March 6, 2006, thereby paying the February Statement balance in full and on time.

23.   Based on the language appearing in each of his monthly statements, Plaintiff was informed and believed that he would not be assessed a finance charge if his monthly billings were paid in full, or that any finance charge would be based only on the remaining balance after any partial Payment had been subtracted from the outstanding balance.  Each billing statement received by Plaintiff states: "[W]e do not charge periodic finance charges on new purchases billed during the billing cycle if we receive payment of your New Balance by the date and time your payment is due as shown on your billing statement and we received payment of your New Balance on your previous billing statement by the date and time your payment was due as shown on that billing statement."  (A true and correct copy of the February Statement is attached hereto as Exhibit B).

24.   Sometime after March 13, 2006, Plaintiff received his monthly statement from Defendant Chase Bank for purchases made between February 14, 2006, and March 13, 2006 ("March Statement').  Although plaintiff had paid the February Statement balance in full and in a timely manner, Defendant Chase Bank assessed a $77.25 finance charge which appeared on the March Statement.  (A true and correct copy of the March Statement is attached hereto as Exhibit C).

25.   Plaintiff is informed and believes, and based thereon alleges that he was

assessed the $77.25 finance charge because his entire February Statement Payment was applied against the $2,000 Promotional Purchase, payment for which was not due, instead of to the February Statement balance, thereby leaving a balance due against which finance charges were charged.  The $2,000 charge for the television was made subsequent to the issuance of the February Statement, and no Payments of any kind were due and owing for the Promotional Purchase until January 2008. Nevertheless, Defendant Chase Bank allocated the entire $1,736.91 that Plaintiff paid on his February Statement to the March 3, 2006, Promotional Purchase, even though, as advertised, no amounts were due and owing on that item.

26.    Chase assessed similar finance charges against Plaintiff on at least two (2) other prior occasions involving the same type of Promotional Purchase, where payments were not due for a specified period of time, but Chase nevertheless allocated all of Plaintiff's payments to the Promotional Purchase.  Plaintiff is informed and believes, and based thereon alleges that thousands of other similarly situated Class Members made similar types of Promotional Purchases at Circuit City using Chase's Circuit City Rewards Card, which Chase treated as Promotional Purchases subject to terms of "no interest, no payment" or "no interest with minimal payment" for a specified period of time, but were thereafter charged a finance charge in a manner similar, or identical to that of Plaintiff.

27.    Chase fails to disclose that all payments made by the consumer on his or her regular monthly statement are given priority of payment to the promotional item, even if not yet billed and even if not due for many months.

28.    The promotional offer conveys that the consumer will receive a benefit of a grace period of anywhere from a few months to two (2) years or more.  Plaintiff is informed and believes, and based thereon alleges, however, that the offer is a scam used to induce consumers into believing that they will have an extended time period in which to pay off their Promotional Purchases, when in fact, the consumer has less time to pay off the Promotional Purchases due to Chase's practice of allocating

FIRST AMENDED CLASS ACTION COMPLAINT

1    consumers' Payments as described herein.

2        29.    Plaintiff is informed and believes, and based thereon alleges that
3    Defendant Chase Bank knows of the terms and conditions of such Promotional
4    Purchases, and that Chase's practice of prioritizing the allocation of credit card
5    payments to purchases not yet due and owing is deceptive, misleading, fraudulent,
6    unfair and in violation of California law.   Plaintiff further is informed and believes,
7    and based thereon alleges that Defendant Chase Bank's practice of prioritizing the
8    allocation of credit card payments to purchases advertised as "interest and payment
9    free" is especially egregious and violative of California law as this practice directly
10   contradicts the concept of "interest and payment free."

11       30.    Plaintiff, on behalf of himself and all others similarly situated, seeks
12   damages and equitable relief, including restitution, for violations of the California
13   Consumers Legal Remedies Act, the *California Business and Professions Code*
14   (Unfair Business Practices), breach of contract and of the covenant of good faith and
15   fair dealing.   On behalf of himself and the proposed Class Members, and to the
16   extent appropriate, on behalf of the general public of California, Plaintiff seeks,
17   among other things, injunctive relief, equitable relief, including restitution and
18   disgorgement, and actual and punitive damages, and attorney's fees.

19       31.    Following the filing of this case, Chase moved to compel arbitration and
20   to enforce a class action waiver on the basis of an arbitration clause contained in its
21   cardmember agreement.   An arbitration clause containing a class action waiver was
22   not part of Plaintiff's original cardmember agreement, but subsequent to the issuance
23   of Plaintiff's credit card, Chase introduced a new arbitration clause containing a class
24   action waiver in a "bill stuffer" that was sent to its Cardmembers as part of their
25   monthly billing.   Chase sought to change the arbitration clause pursuant to the
26   "change of terms"   clause in the Cardmember agreement,   which Chase contends
27   gives it the right to unilaterally change any provision of the cardmember agreement at
28   any time, without any consideration provided to the cardholder.

**FIRST AMENDED CLASS ACTION COMPLAINT**

32.     On March 26, 2007, the trial court denied Chase's motion, finding Chase's arbitration clause to be both procedurally and substantively unconscionable under California law.  Plaintiff's counsel had to expend time and effort in opposing Chase's motion, and Plaintiffs incurred attorneys fees in opposing the motion.

33.     Chase then appealed the trial court's order, and the matter was tied up at the 9th Circuit Court of Appeal for about 1 ½ years, until the Court of Appeal rendered its decision on November 3, 2008, affirming the trial court's determination that Chase's arbitration clause and class action waiver are unconscionable and unenforceable.

34.     The Plaintiff Class has been damaged by Chase's assertion of both an unconscionable arbitration clause as well as unconscionable "Change of Terms" provision, in that they expended significant attorneys fees at both the trial and appellate level to defeat Chase, and has been further damaged because the case has been stayed for almost 2 years while the matter was pending at the 9th Circuit. During that time, Chase continued its illegal practices, and continued to collect finance charges and penalties from class members to which Chase is not entitled. Accordingly, pursuant to the recent California Supreme Court decision of *Meyer v. Sprint Spectrum* (2009) WL197560, Plaintiff has standing under the Consumer Legal Remedies Act to seek removal of Chase's unconscionable contract provisions.

## FIRST CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act)

### (Against All Defendants)

35.     Plaintiff incorporates by reference paragraphs 1 – 34 above as though fully set forth herein.

36.     Defendant is a "person" and it provides "goods" and "services" within the meaning of the *Civil Code* sections 1761(c) and 1770.

37.     Purchasers of Circuit City Promotional Purchases with the Chase Circuit City Rewards Card, including Plaintiff and Class Members, are "consumers" within

FIRST AMENDED CLASS ACTION COMPLAINT

1  the meaning of the *Civil Code* section 1761(d) and 1770.  Plaintiff's and each Class

2  Member's Promotional Purchase with the Chase Circuit City Rewards Card

3  constitutes a "transaction" within the meaning of *Civil Code* sections 1761(e) and

4  1770.

5      38.   As set forth herein, Defendants' acts, practices, representations,

6  omissions, cardmember agreement and course of conduct violates section 1770

7  (a)(9), (14), and (19) of the Consumers Legal Remedies Act in that Defendants: (a)

8  advertised goods or services with the intent not to sell them as advertised; (b)

9  represented  that the transaction conferred or involved rights, remedies or obligations

10 that it did not have or involve; and (c) inserted unconscionable provisions in the

11 Cardmember agreement.

12     39.   The original complaint constituted notice to Defendants pursuant to

13 *California Civil Code* section 1782 of the unlawful, unfair and fraudulent business

14 practices as complained herein and formally demanded that Defendants: (1) cease

15 and desist all advertising, promotional and sales activities and practices described

16 herein; (2) cease the promotion of its "interest and payment free" credit card through

17 the use of deceptive and misleading advertising devices as described herein; (3) cease

18 the practice of prioritizing the application of consumers' credit card payments to

19 Promotional Purchases; (4) disclose to all consumers' Defendants' deceptive and

20 illegal practices; and (5) remove the unconscionable provisions from its cardmember

21 agreements.

22     40.   Defendants failed to comply with the demands as stated above, and

23 therefore this First Amended Complaint seeks an order, pursuant to *California Code*

24 *of Civil Procedure* section 1780 et seq.: (1) directing Defendants to cease and desist

25 all advertising, promotional and sales activities and practices described herein; (2)

26 enjoining Defendants from the promotion of its "interest and payment free" credit

27 card through the use of deceptive and misleading advertising devices as described

28 herein; (3)  directing Defendants to disgorge, for the benefit of Class Members, its

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  profits and compensation emanating from its "interest and payment free" scheme,

2  and/or make full restitution to Plaintiff and Class Members; and (4) enjoining

3  Defendant Chase Bank from prioritizing the application of consumers' credit card

4  payments to Promotional Purchases; and (5) enjoining Defendants from any further

5  use of an arbitration clause with a class action waiver, or a "change of terms"

6  provision within its Cardmember agreements.  Moreover, Plaintiffs now also seek all

7  available compensatory and punitive damages, costs of litigation, attorneys' fees and

8  such other relief as is authorized under applicable provisions of the CLRA.

9                          **SECOND CAUSE OF ACTION**

10              (For Violation of the *California Business and Professions Code*

11              *Section* 17200 et seq.: Unlawful and Unfair Business Practices)

12                              (Against All Defendants)

13       41.    Plaintiff incorporates by reference paragraphs 1 – 40 above as though

14  fully set forth herein.  Plaintiff has suffered injury in fact and has suffered financial

15  loss as a result of Defendants' conduct as alleged in this cause of action.

16       42.    Defendants' acts, conduct and practices as described herein constitute

17  unlawful business acts and practices within the meaning of *California Business and*

18  *Professions Code* sections 17200 et seq.

19       43.    Defendants' acts, conduct and practices were unlawful, in that

20  Defendants violated the Consumers Legal Remedies Act, as alleged herein.

21       44.    Defendants' acts, conduct, practices, and unconscionable cardmember

22  agreement as described herein, constitute unfair, fraudulent, and deceptive business

23  acts and practices within the meaning of *California Business and Professions Code*

24  sections 17200 et seq.

25       45.    Defendants' acts, conduct and practices, as alleged herein, were unfair,

26  in that any utility for Defendants' conduct is outweighed by the gravity of the

27  consequences to Plaintiff, Class Members, and the general public, and/or Defendants'

28  conduct is immoral, unethical, oppressive, unscrupulous or substantially injurious to

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   Plaintiff, Class Members and the general public.

2       46.   Defendants' acts, conduct and practices, as alleged herein, were

3   fraudulent, in that they were likely to and did deceive Plaintiff, Class Members and

4   the general public, and Defendants engaged in such acts, conduct, and practices

5   knowingly.

6       47.   Defendants' unfair, fraudulent, and deceptive business acts and practices

7   are described herein and include, but are not limited to, the following:

8           (a)   Advertising promotional items as interest and payment free when

9       purchased with a Chase Circuit City Rewards Card when in fact, interest and

10      finance charges were frequently applied;

11          (b)   Charging a finance fee despite Payment of the monthly balance in

12      part or in full, without deducting the Payment made before assessing any

13      finance charge;

14          (c)   Applying monthly Payments to Promotional Purchases not yet

15      billed or owing instead of to the balance as billed in the monthly statement

16      due; and

17          (d)   Inserting an unconscionable arbitration and class action waiver

18      clause and "change of terms" clause in its Cardmember Agreement.

19      48.   As a direct and proximate result of Defendants' unfair, unlawful and

20  fraudulent business practices as alleged herein, Defendants were able to: (a) issue

21  more credit cards to Chase customers than they otherwise would have; (b) receive

22  more credit card purchases than they otherwise would have; and/or (c) charge more

23  finance charges than they otherwise would have, and accordingly, Defendants

24  received and are in possession of excessive and unjust revenues and profits.

25      49.   Plaintiff, on behalf of himself and all others similarly situated in

26  California, and where appropriate, on behalf of the general public of California, seeks

27  an order including, but not limited to (1) directing Defendants to cease and desist all

28  advertising, promotional and sales activities and practices described herein; (2)

1  enjoining Defendants from the promotion of their "interest and payment free" credit

2  card through the use of deceptive and misleading advertising devices as described

3  herein; (3) directing Defendants to disgorge, for the benefit of Class Members, their

4  profits and compensation emanating from their "interest and payment free" scheme,

5  and/or make full restitution to Plaintiff and Class Members; (4) enjoining Defendant

6  Chase Bank from prioritizing the application of consumers' credit card payments to

7  Promotional Purchases; and (5) removing the unconscionable arbitration and class

8  action waiver and change of terms provisions from its cardmember agreements.

9  Plaintiff also seeks any other relief the Court deems acceptable, in accordance with

10  section 17203 of the Business and Professions Code.  Plaintiff also seeks costs of

11  litigation, attorneys' fees pursuant to *California Code of Civil* Procedure §1021.5,

12  and such other relief as the Court deems proper.

13  **THIRD CAUSE OF ACTION**

14  (Breach of Contract)

15  (Against Defendant Chase Bank and Does 1 - 50)

16  50.    Plaintiff incorporates by reference paragraphs 1 – 49 above as though

17  fully set forth herein.

18  51.    Defendant Chase Bank offered Plaintiff and Class Members a no

19  interest, no payment grace period on Promotional Purchases made using their Chase

20  Circuit City Rewards Card.

21  52.    Plaintiff and Class Members made Promotional Purchases as offered by

22  Defendant Chase Bank.

23  53.    Defendant Chase Bank breached these contracts by prioritizing the

24  allocation of credit card Payments to purchases offered and accepted as interest and

25  payment free ahead of non-promotional items appearing on the monthly statement.

26  Defendant Chase Bank further breached these contracts by charging an interest fee on

27  balances that remained due to this allocation of Payments.

28  54.    By reason of Defendants' breach of Plaintiff's and other Class Members'

1    respective contracts, Plaintiffs and other Class Members have been damaged in the
2    manner set forth herein, in an amount to be determined at trial.

3                            **FOURTH CAUSE OF ACTION**

4              (Breach of the Implied Covenant of Good Faith and Fair Dealing)

5                      (Against Defendant Chase Bank and Does 1 – 50)

6         55.    Plaintiff incorporates by reference paragraphs 1 – 54 above as though
7    fully set forth herein.

8         56.    Every contract imposes upon each party a duty of good faith and fair
9    dealing in its performance.  The Promotional Purchases made by Plaintiff and Class
10   Members with their Circuit City Rewards Card contained an implied covenant of
11   good faith and fair dealing.  The covenant requires that neither party to the
12   Promotional Purchase agreement do anything to infringe upon the other party's rights
13   to the benefits of the agreement.

14        57.    Defendant Chase Bank's conduct, as set forth herein, has breached each
15   of the implied covenants of good faith and fair dealing.

16        58.    For example, Defendant Chase Bank has materially breached the implied
17   covenant of good faith and fair dealing by:

18             (a)    Promising purchasers of Circuit City Promotional Purchases they
19        would receive a payment free period in which to payoff their purchase, when,
20        in fact, Defendant Chase Bank prioritized the allocation of Payments to
21        Promotional Purchases;

22             (b)    Promising purchasers of Circuit City Promotional Purchases they
23        would receive an interest free period in which to payoff their purchase, when,
24        in fact, Defendant Chase Bank charged interest fees in connection with
25        Promotional Purchases.

26        59.    As a direct result of material breaches of the implied covenant of good
27   faith and fair dealing by Defendants, as set forth herein, Plaintiffs have been damaged
28   as may be shown according to proof at the time of trial.

                                        16

1    **WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class

2  Members, prays for judgment as follows:

3    1.    For an order certifying the Plaintiff Class and appointing Plaintiff and

4  his counsel to represent the Class;

5    2.    For an order awarding compensatory damages in an amount which may

6  be proven at trial, together with interest thereon;

7    3.    For an order awarding restitution and/or disgorgement and other

8  equitable relief as the Court deems proper;

9    4.    For an order awarding exemplary damages in an amount to deter and

10  punish;

11    5.    For an order awarding pre-judgment and post-judgment interest, as well

12  as their reasonable attorneys' and experts' witness fees and other costs;

13    6.    For an order enjoining Defendants from continuing to engage in unfair

14  business practices and false advertising; and,

15    7.    For an order awarding such other and further relief as this Court may

16  deem just and proper.

17

18  DATED: March _11_, 2009        ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

19

20                    By: _____

21                       DREW E. POMERANCE

22                       BURTON E. FALK
                         Attorneys for Plaintiff GARY DAVIS,
                         individually and on behalf of himself, and as
23                       Private Attorney General and on behalf of all
                         others similarly situated

24

25

26

27

28

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2

3

4       Plaintiff hereby demands a trial by jury on all matters for which a jury trial is

5   guaranteed.

6

7   DATED: March $\underline{11}$, 2009          ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

8

9                                 By: _____

10                                      DREW E. POMERANCE
                                         BURTON E. FALK
11                                       Attorneys for Plaintiff GARY DAVIS,
                                         individually and on behalf of himself, and as
12                                       Private Attorney General and on behalf of all
                                         others similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT





## APPLICATION
**Please process immediately**



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO 218    KENNESAW, GA

POSTAGE WILL BE PAID BY ADDRESSEE

CHASE CARD SERVICES
PO BOX 100017
KENNESAW GA 30144-9909



## RATE, FEE AND OTHER COST INFORMATION

| | Circuit City Rewards Visa | Circuit City Rewards Proprietary Card |
|---|---|---|
| Annual Percentage Rate (APR) for purchases | 15.24% variable* or 17.24% variable, depending on our review of your application and credit history. | 21.74% variable* or 24.00% fixed, depending on our review of your application and credit history. |
| Other APRs | Balance Transfer APR: 15.24% variable* or 17.24% variable, depending on our review of your application and credit history.<br>Cash Advance APR: 21.49% variable<br>Default rate: 24.9% fixed. See explanation below.*,²,³<br>Deferred/Accumulated Finance Charge Rate: 22.24% variable. | Cash Advance APR: Not available<br>Default rate: 24.9% fixed or 26.9% fixed, depending on our review of your application and credit history. See explanation below.*,²<br>Deferred/Accumulated Finance Charge Rate: 22.24% variable or 24.00% fixed, depending on our review of your application and credit history. |
| Variable rate information | The following APRs may vary monthly based on the Prime Rate.⁴<br>Purchase and Balance Transfer APR equals the Prime Rate plus, as applicable, 9.49% or 11.49%, but not less than 13.59% or 15.99% respectively.<br>Cash advance APR equals the Prime Rate plus 15.74%, but not less than 19.99%.<br>Deferred/Accumulated Finance Charge APR equals the Prime Rate plus 16.49%, but not less than 20.49%. | The following APRs may vary monthly based on the Prime Rate.⁴<br>Purchase APR equals the Prime Rate plus 15.99%, but not less than 20.49% or more than 24.00%.<br>The variable Deferred/Accumulated Finance Charge APR equals the Prime Rate plus 16.49%, but not less than 20.49%. |
| Grace period for repayment of purchase balances | At least 20 days, but none for balance transfers, convenience checks, or overdraft advances, if applicable. | At least 20 days. |
| Method of computing the balance for purchases | Two-cycle average daily balance method (including new purchases). | |
| Annual fee | None | |
| Minimum finance charge | $1.00 | |
| Transaction fee for convenience checks | All cash advances: 3% of the amount of the advance, but not less than $10.00. | Not available |
| Transaction fees for cash advances | All cash advances: 3% of the amount of the advance, but not less than $10.00 or more than $75.00. | Not available |

Late Payment fee: Circuit City Rewards Visa: $15.00 on balances up to but not including $250; $35.00 on balances of $250 and over. However, if you already have made one or more late payments in the prior 12 month period, $35.00 regardless of the amount of your balance. Circuit City Rewards Card: $35.00

Over-the-Credit-Limit fee: $35.00 for Circuit City Rewards Visa; None for Circuit City Rewards Card.

International Transactions: 3% of the converted transaction amount. None for Circuit City Rewards Card.

You understand that the terms of your account, including the APRs, are subject to change. This means that the APRs for this offer are not guaranteed; APRs may change to higher APRs, fixed APRs or variable APRs, or variable APRs may change to fixed APRs. We reserve the right to change the terms (including the APRs) at any time for any reason, in addition to APR increases that may occur for failure to comply with the terms of your account. Any changes will be in accordance with your Cardmember Agreement.

Your APRs may increase if you default under any Cardmember Agreement you have with us for any of the following reasons: we do not receive, or any payment that is owed on this Account or any other account or loan with us, at least the minimum payment due by the date and time due; you exceed your credit line on this Account. If applicable; you fail to make payment to another creditor when due; you make a payment to us that is not honored by your bank; or, if at any time other than your Account is closed, we demand immediate payment of your outstanding balance and we do not receive payment within the time we specify.

We may consider the following factors to determine the default rate: the length of time your Account has been open; the existence, seriousness and timing of defaults; other indications of your Account usage and performance; and information about your other relationships with us, any of our related companies or from consumer reports.

## TERMS & CONDITIONS

Authorization: When you sign and return the form from this credit card offer from Chase Bank USA, N.A. ("Chase," "we" or "us"), you agree to the following:

1. You authorize us to obtain credit bureau reports in connection with your request for an account. If an account is opened, we may obtain credit bureau reports in connection with extensions of credit or the review or collection of your account. If you ask, we will tell you the name and address of each credit bureau from which we obtained a report about you.

2. If an account is opened, you will receive a Cardmember Agreement and Terms and Conditions of the Circuit City Rewards Program with your card(s). By using the account or any card, or authorizing their use, you agree to the terms of the Cardmember Agreement and Terms and Conditions of the Circuit City Rewards Program.

3. You authorize us to allocate your payments and credits in a way that is most favorable to or convenient for us. For example, you authorize us to apply your payments and credits to balances with lower APRs (such as promotional APRs) before balances with higher APRs.

4. Claims and disputes are subject to arbitration.

5. As described in the Cardmember Agreement, we reserve the right to change the terms of your account (including the APRs) at any time, for any reason, including to APR increases that may occur for failure to comply with the terms of your account.

We will review your credit history and income to determine if you qualify for an account, and, if so, your APRs and credit line. Based on this review, you may not receive a card or you may receive a card with a credit line as low as $500.

The minimum gross annual income required for an account is $14,400. You must be at least 18 years old to qualify (19 in AL and NE).

We reserve the right to change the benefit features associated with your card at any time.

Ohio Residents: The Ohio laws against discrimination require that all creditors make credit equally available to all customers, and that credit reporting agencies maintain separate histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with the law.

Notice to Married Wisconsin Residents: No provision of any marital property agreement, unilateral statement or court decree adversely affects our rights, unless you give us a copy of such agreement, statement or court order before we grant you credit, or we have actual knowledge of the adverse obligation. All obligations on this account will be incurred in the interest of your marriage or family. You understand that we may be required to disclose your marriage or family status when you apply. Married Wisconsin residents must furnish their the applicant's name and social security number as well as the name and address of their spouse to Cardmember Service at P.O. Box 100045, Kennesaw, GA 30156-9245.

Affiliate Information Sharing: Chase Bank USA, N.A. is part of JPMorgan Chase & Co. We and our JPMorgan Chase & Co. affiliates may share information about you among affiliates in order to offer products and services of interest to you. If you would prefer that we do not share information from your application, credit bureaus or third parties, please call us at 1-800-672-7136. For more information about our information handling policies, visit us on the web at: http://www.chase.com/privacy-policy.

Omission of any information requested on the form may be reason for denial of an account. This offer is available only to applicants who reside in the United States of America. The credit disclosures given on this offer were printed on the print date indicated and were accurate as of that date. The credit information is subject to change after the printing date. You should contact us for any change after the printing date by writing to Cardmember Service, P.O. Box 100045, Kennesaw, GA 30156-9245.

We must comply with Section 326 of the USA PATRIOT Act. This law mandates that we verify certain information about you when you open your account application.

# CIRCUIT CITY REWARDS VISA® CREDIT CARD APPLICATION

Circuit City Rewards VISA credit card account with Chase Bank USA ("Chase" or the "Bank"). The applicant (if married, may apply for a separate account. After credit approval each applicant shall have the right to use the credit card account up to the credit limit of the account. Each applicant may be liable for amounts extended under the plan to any joint applicant.

YOU ARE APPLYING FOR A CIRCUIT CITY REWARDS VISA ACCOUNT. IF YOU DO NOT QUALIFY FOR THIS ACCOUNT, CHASE MAY CONSIDER YOU FOR A CIRCUIT CITY REWARDS CARD ACCOUNT.

• You may contact us with any questions by calling us toll-free at 1-800-600-8987 or by writing us at P.O. Box 100045, Kennesaw, GA 30156-9245 •

## APPLICANT INFORMATION Please Print Clearly

## CO-APPLICANT INFORMATION

## PLEASE CHECK WHICH ACCOUNTS ARE IN YOUR NAME

## OPTIONAL TOTAL PROTECTION™ PLAN

## CREDIT CARD AGREEMENT; SIGNATURES

Please detach along the perforated line. Moisten here, fold, seal and mail.

Apply now for the Circuit City® Rewards Visa℠ and get 5% rewards

# Your Circuit City Rewards Visa comes loaded with extra value

## You Choose What's Best

If a special financing offer is available, you can select the financing offer instead of the rewards points. You make the choice!

**1%** Rewards everywhere else Visa is accepted

## Auto Rental Insurance

Save up to $13 a day on additional insurance costs with the Visa Auto Rental Collision Damage Waiver.

Just decline the collision damage waiver offered by the rental company.

## Worldwide Acceptance and Cash Access

Your Circuit City Rewards Visa® is accepted at any location worldwide that accept Visa credit cards.

Plus, if you ever need quick cash, just use your card in the Visa Global ATM Network.

## Zero Liability[3]

You're protected from unauthorized use of your card or account information—so you pay nothing for unauthorized transactions.

---

You are applying for a Circuit City Rewards Visa account. If you do not qualify for this account, Chase may consider you for a Circuit City Rewards Card account.

* Reward points are not earned on balance transfers, cash advances, convenience checks (including those used for purchases at Circuit City Stores and circuitcity.com), sales tax, Circuit City gift cards, money orders, finance charges, unauthorized charges, or fees of any kind, including fees for products that protect or insure the balances of the cardmember's account. Points are also not earned when the cardholder elects to take advantage of some special financing offers that provide more favorable rates and terms than those disclosed in the Cardmember Agreement. Points will expire on a first-earned, first-expired basis. Points will expire 36 months from the month in which the points were earned. Your rewards disclosure will be included with your Cardmember Agreement.

* U.S.-issued cards only. Visa's Zero Liability policy does not apply to ATM transactions or to PIN transactions not processed by Visa.

### Total Protection™ Debt Cancellation Plan Summary*

Total Protection™ is an optional account feature that can help protect your balance during a covered Involuntary Unemployment, Disability or employer-approved Leave of Absence by providing monthly cancellation of 4% of the protected account balance or $20, whichever is greater, not to exceed $500 per month, up to 6 months for Leave of Absence and 12 months for Involuntary Unemployment or Disability. In addition, should you or the joint accountholder die, or if you become totally and permanently disabled, the balance on the account may be canceled in full up to a maximum of $10,000. Once Total Protection is added to your account, you will receive a Welcome Package within 7-10 days.

### Important Total Protection™ Debt Cancellation Information

Your purchase of Total Protection™ is optional. Whether or not you purchase Total Protection will not affect your application for credit or the terms of any existing credit agreement you have with Chase Bank USA, N.A. The monthly fee for Total Protection is $.89 per $100 of your account balance based on your Average Daily Balance on the last day of your billing cycle. You have the right to cancel Total Protection at any time. The bank will automatically cancel Total Protection if your account becomes more than 90 days delinquent. The bank may cancel Total Protection upon 30 days written notice to you. There are eligibility requirements, conditions, and exclusions that could prevent you from receiving benefits under Total Protection. You will find a complete explanation of the eligibility requirements, conditions, and exclusions (in sections 4, 5, 6, 7, 8, 11, and 13 of the Total Protection Program Terms and Conditions ("Terms and Conditions") that will be mailed to you upon our receipt of your enrollment.

*The above is merely a summary of the Total Protection Terms and Conditions that you will receive in your enrollment package. In the event of a conflict between this summary and the Total Protection Terms and Conditions, the Terms and Conditions shall control.

---

# Apply Now!

- See a store associate
- Mail in your application
- Apply online at circuitcity.com

EXHIBIT

B

**VISA**  021306  Statement

**CHASE**

4104140014934039000011000000 2752685

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4039 |
| NEW BALANCE | $2,752.68 |
| PAYMENT DUE DATE | 03/10/06 |
| MINIMUM PAYMENT DUE | $110.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

MAIL CHECK TO:

M0117867

MAKE CHECKS PAYABLE TO CHASE

$ _____
AMOUNT ENCLOSED

GARY J DAVIS
3126 ROBERTS AVE
CULVER CITY CA 90232-7415

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____  Home Telephone ( )
City-State-Zip _____  Business Telephone ( )   ✂ Detach Here

---

**BALANCE SUMMARY**

| | |
|---|---|
| Previous Balance | $1,495.99 |
| Payments and Credits | $1,781.13 |
| Cash Advances | $0.00 |
| Purchases/Adjustments | $2,955.45 |
| FINANCE CHARGES | $82.37 |
| New Balance | $2,752.68 |

**ACCOUNT INFORMATION**

| | |
|---|---|
| Statement Closing Date | 02/13/06 |
| Days in Billing Cycle | 31 |
| New Balance | $2,752.68 |
| Credit Line | $6,000.00 |
| Available Credit | $3,247.32 |
| Available Cash Advance** | $1,800.00 |

**ACCOUNT #** 4104140014934039
Payment Due Date 03/10/06
MINIMUM PAYMENT DUE $110.00

CALL 1-866-522-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

---

**TRANSACTION DETAIL**

| Posting Date | Transaction Date | Reference Number | Transactions | Charges & Credits |
|---|---|---|---|---|
| 01/16 | 01/12 | 6013327517101 1037 | SOUPLANTATION #12  LOS ANGELES CA | 11.24 |
| 01/16 | 01/12 | 6013349544161698 | RALPHS #0284   SEA CULVER CITY CA | 7.80 |
| 01/16 | 01/14 | 0397746004897000 | CIRCUIT CITY PURCHASE  121 30" AND LARGER TVS | 933.53 |
| 01/16 | 01/14 | 6015730150275528 | ROLL N RYE   CULVER CITY CA | 13.78 |
| 01/16 | 01/14 | 6015070214459019 | CARY PHOTO LAB   CULVER CITY CA | 23.59 |
| 01/17 | 01/16 | 7083000000000000 | CIRCUIT CITY PURCHASE  395 COMPUTER MEDIA  077 DVD SOFTWARE | 5.51 |
| 01/17 | 01/15 | 6016118000100172 | EAST WIND 4   CULVER CITY CA | 19.54 |
| 01/17 | 01/16 | 6016020000433553 | SUBWAY SANDWICHES #  LOS ANGELES CA | 5.89 |
| 01/18 | 01/16 | 6017207599700305 | BURGER KING # 9218 Q00  LOS ANGELES CA | 2.48 |
| 01/18 | 01/16 | 6017749084440174 | RITE AID STORE 5444   LOS ANGELES CA | 3.91 |
| 01/19 | 01/16 | 6018138019801123 | EL POLLO LOCO 3301   LOS ANGELES CA | 7.65 |
| 01/19 | 01/19 | 6019882656290191 | LA TIMES SUB*1378846016  800-528-4637 CA | 107.03 |
| 01/19 | 01/18 | 6019018000632678 | BUFFET CITY   LOS ANGELES CA | 14.60 |
| 01/19 | 01/18 | 6019690192891106 | SMART & FINAL CO.   WEST LOS ANGE CA | 17.21 |
| 01/19 | 01/19 | 6020117724010040 | DOMINO'S PIZZA #08306  LOS ANGELES CA | 27.71 |
| 01/24 | 01/20 | 6023032326891108 | SAT PROS   626-5992222 CA | 420.00 |
| 01/25 | 01/24 | 6025002403499443 | 5 DE MAYO TACOS   CULVER CITY CA | 6.77 |
| 01/26 | 01/25 | 7675300000000000 | CIRCUIT CITY PURCHASE  395 COMPUTER MEDIA | 1.62 |
| 01/26 | 01/25 | 2130800000000000 | CIRCUIT CITY PURCHASE  142 DIGITAL VIDEO | 82.24 |
| 01/26 | 01/25 | 6025000139810579 | HHF*ONECALLELECTRONICS  800-340-4770 WA | 284.02 |
| 01/27 | 01/25 | 6026710009432154 | DENNY'S INC   CULVER CITY CA | 7.48 |
| 01/27 | 01/25 | 6026360143699162 | OFFICE DEPOT #951   LOS ANGELES CA | 34.64 |
| 01/27 | 01/25 | 6026701066620484 | HUS SZECHWAN   310-8370252 CA | 30.90 |
| 01/30 | 01/27 | 6028130283159464 | NEW PANDA BUFFET   LOS ANGELES CA | 20.53 |

---

EXPLANATION OF CODES ON REVERSE
**AVAILABLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
ABBREVIATIONS : "py" = Payment, "cr" = Credit

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE

ng of Payments: For payments by regular U.S. mail, send at least your minimum payment our post office box designated, for payments shown on this statement. Your payments by ust comply with the instructions on this statement, and must be made by check or money payable in U.S. Dollars, and drawn on or payable through a U.S. financial institution or the anch of a foreign financial institution. Do not send cash.  Write your account number on heck or money order. Payments must be accompanied by the payment coupon in an enve pe provided with our address visible through the envelope window; the envelope cannot i more than one payment or coupon; and there can be no staples, paper clips, tape or ondence included with your payment. If your payment is in accordance with our payment tions and is made available to us on any day except December 25 by 1:00 p.m. local time at st office box designated for payments on this statement, we will credit the payment to your t as of that day. If your payment is in accordance with our payment instructions, but is available to us after 1:00 p.m. local time at our post office box designated for payments on atement, we will credit to your account as of the next day. If you do not follow our nt instructions or if your payment is not sent by regular U.S. mail to our post office box ated for payments, crediting of your payment may be delayed for up to 5 days. Payments electronically through our automated telephone service, Customer Service advisors, or our te will be subject to any processing times disclosed for those payments.

nt Information Reported to Credit Bureaus: We may report information about your t to credit bureaus.  Late payments, missed payments or other defaults on your account may ected in your credit report. If you think we have reported inaccurate information to a credit u, you may write to us at the Cardmember Service address listed on your billing statement.

tional Payments: Any payment check or other form of payment that you send us for less he full balance due that is marked "paid in full" or contains a similar notation, or that you wise tender in full satisfaction of a disputed amount, must be sent to Cardmember Services, ox 100045, Kennesaw, GA  30156. We reserve all our rights regarding these payments (e.g. is determined there is no valid dispute or if any such check is received at any other address, y accept the check and you will still owe any remaining balance). We may refuse to accept ch payment by returning it to you, not cashing it or destroying it. All other payments are ake should be sent to the appropriate payment address.

ation of Finance Charges: The balance calculation method for purchases is the Two-verage Daily Balance (including new purchases). If your annual percentage rate (APR) is le, the index and margin used to determine that rate and its corresponding APR are in ed in your Cardmember Agreement, as amended. Finance charges for each billing cycle nputed for transactions in the following manner:

mpute a portion of your finance charge by multiplying a daily periodic rate by a daily e for each day in the billing cycle for each balance type. We calculate periodic finance es separately for each balance associated with a different balance type. These tions for each balance type may include different transactions with the same daily ic rates. The balance types are the average daily balance of:

nce Type A – Purchases (including new Purchases) are your regular purchases to Interest Free Special Purchase and Special Purchase promotional terms do not apply or erminated, and also includes all unpaid debt cancellation charges, expedited payment nd any other charges except cash advances and finance charges on cash advances.

nce Type B – Previous Cycle Purchases (including previous cycle new purchases) gular purchases for the previous billing cycle using the same kinds of purchases and charges as used in computing Balance Type A for the current billing cycle.

nce Type C – Cash Advances (including new cash advances) are your regular cash ces to which Reduced Rate Cash Advance promotional terms do not apply and finance s on regular cash advances.

nce Type D – Interest Free Special Purchases (including new Interest Free Special ases) are special promotional purchase balances and Balance Type E – Interest Free dvances (including new Interest Free Cash Advances) are special promotional cash ce balances.  Finance charges accruing on these balance types are not added to your nt balance, but instead they are accumulated from billing cycle to billing cycle and l to your account as Accumulated Finance Charges only if the Interest Free Special se or Interest Free Cash Advance has not been paid in full by the end of time period ed in the promotional offer. Accumulated Finance Charges also may be added to your nt balance and the Interest Free promotion will terminate if the default rate takes effect r account balances because you default under your Agreement. Until accumulated e charges are posted to your account, we refer to these amounts as "Accumulated ed Finance Charges." For each billing cycle during which Accumulated Finance Charges r terminated Interest Free Special Purchase or Interest Free Cash Advance are posted to ccount, your statement will also disclose the average daily balance of such purchases or vances for that billing cycle.

nce Type F – Special Purchases (including new Special Purchases) are special tional purchase balances to which special promotional terms (other than Interest Free described above) apply until the expiration of any time period specified in the tional offer. A Special Purchase promotion also will terminate if the default rate takes on your account balances because you default under your Agreement.

nce Type G – Reduced Rate Cash Advances (including new Reduced Rate Cash ces) are special promotional cash advance balances to which a special reduced daily ic rate applies.

ermine the daily balance for each balance type we (i) take the beginning balance of ctions of that type in your account each day (including any unpaid finance charges, fees er charges applicable to that balance type), and (ii) add any new transactions of that nd add any new fees or other charges of the kinds referred to in (i) above, and (iii) ct the applicable portion of any payments and credits applied to your account as of that d (for Balance Types D, E and F) subtract the unpaid balance of any purchases or cash ces for which the Interest Free Special Purchase feature, Interest Free Cash Advances or l Purchase feature, as applicable, terminated as of that day.

ctions, balance transfer/convenience check fees and cash advance fees are added to a e as of the date of the transaction or a later date of our choice. Other charges of the referred to in (i) above are added as of the date the charge is posted to your account. ulated Finance Charges on any Interest Free Special Purchases are added to Balance , and Accumulated Finance Charges on any Interest Free Special Cash Advances are

In Case of Errors or Questions About Your Bill:  If you think your bill is wrong or if you need more information about a transaction on your bill, write us using a copy of the form below or on a separate sheet at P.O. Box 100045 Kennesaw, GA 30156-9245 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
• Your name and account number.
• The dollar amount of the suspected error.
• Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.
You do not have to pay the amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent on the disputed amount or take any action to collect the amount you question. If you have authorized us to pay your credit card bill automatically from your savings or checking account; you can stop the payment on any amount you think is wrong. To stop the payment, your letter or call (using the Cardmember Service address or telephone number shown on this statement) must reach us at least three business days before the automatic payment is scheduled to occur.

Special Rule for Credit Card Purchases:  If you have a problem with the quality of goods or services that you purchased with a credit card (excluding purchases made with a check), and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all purchases are covered regardless of amount or location of purchase.)

added to Balance Type C, as of the first day of the next billing cycle following the day on which the Interest Free feature expires if the Interest Free Special Purchases or Cash Advances have not been paid in full by that date, or as of the first day of the billing cycle that includes the day on which the Interest Free feature is terminated early because the default rate takes effect on all account balances. This gives us the daily balance for each balance type on each day in the billing cycle for each balance type. We add each day's daily periodic finance charge to the beginning daily balance for the next day.

There is a minimum finance charge of $1 on purchases (with regard to balance types A and B) and a minimum finance charge of $1 on cash advances in any billing cycle in which you owe periodic finance charges on these balance types. There is a transaction finance charge for each balance transfer, balance transfer/convenience check, or cash advance, in the amounts stated in your Cardmember Agreement, as amended. To get the total periodic finance charge for the billing cycle, we add all of the daily periodic finance charges for each day during that billing cycle for each balance type. Your total finance charge for the billing cycle is the sum of (1) any balance transfer/convenience check or cash advance transaction fees, (2) the periodic finance charges computed as described above on cash advance balances in balance types C, E and G, and (3) the periodic finance charges computed as described above on purchase balance types A, B, D, and F, except that the periodic finance charges on balance type D and E are accumulated from billing cycle to billing cycle and are only added to your account as Accumulated Finance Charges under the circumstances mentioned above.

For each balance type we calculate an average daily balance (including new transactions) for the billing cycle by adding all your daily balances and dividing that amount by the number of days in the billing cycle. If you multiply the average daily balance for a balance type by that balance type's daily periodic rate, and multiply the result by the number of days in the billing cycle, the total will equal the periodic finance charges for that balance type attributable to that billing cycle, except for minor variations due to rounding.

Grace Period:  We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not accrue periodic finance charges on new purchases billed during a billing cycle if we receive payment of your New Balance by the date and time your payment is due as shown on your billing statement and we received payment of your New Balance on your previous billing statement by the date and time your payment was due as shown on that billing statement. This exception or "grace period" of at least 20 days only applies to purchases, except it does not apply to Balance Type F – Special Purchases, balance transfers, balance transfer/convenience checks or any cash advances, including cash advance checks. A finance charge is computed on Balance Type B – Previous Cycle Purchases only if the New Balance shown on your billing statement for the previous billing cycle was not paid in full by the date and time shown on your previous billing statement and the Previous Balance shown on your billing statement for the previous billing cycle was zero, was a credit balance, or was paid in full during the previous billing cycle.

Annual Renewal Notice:  If your account has an annual fee, it will be billed each year or in monthly installments, whether or not you use your account, and you agree to pay it when billed.  The annual fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your statement on which the annual fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual fee does not affect our rights to close your account and to limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual fee until you pay your outstanding balance in full and terminate your account relationship.

R4006-CCCB

EXHIBIT

C

4104140014934039000119000004497579

**CHASE CARDMEMBER SERVICE**
PO BOX 100044
KENNESAW, GA 30156-9244

| | |
|---|---|
| ACCOUNT # | 4104 1400 1493 4039 |
| NEW BALANCE | $4,497.57 |
| PAYMENT DUE DATE | 04/07/06 |
| MINIMUM PAYMENT DUE | $119.00 |

CHASE CARDMEMBER SERVICE
PO BOX 94010
PALATINE, IL 60094-4010

MAIL
◄ CHECK
TO:

MAKE CHECKS PAYABLE TO CHASE

$

AMOUNT ENCLOSED

GARY J DAVIS
3126 ROBERTS AVE
CULVER CITY CA 90232-7415

M0114178

PLEASE INDICATE ANY CHANGE TO ADDRESS OR TELEPHONE BELOW OR VISIT WWW.CIRCUITCITYREWARDS.COM

Street Address _____    Home Telephone (    )_____

City-State-Zip _____    Business Telephone (    )_____    ✂ Detach Here

---

**CE SUMMARY**

| | |
|---|---|
| s Balance | $2,752.68 |
| yments and Credits | $2,752.68 |
| sh Advances | $0.00 |
| chases/Adjustments | $4,420.32 |
| ANCE CHARGES | $77.25 |
| w Balance | $4,497.57 |

**ACCOUNT INFORMATION**

| | |
|---|---|
| Statement Closing Date | 03/13/06 |
| Days in Billing Cycle | 28 |
| New Balance | $4,497.57 |
| Credit Line | $6,000.00 |
| Available Credit | $1,502.43 |
| Available Cash Advance** | $1,502.43 |

ACCOUNT # 410414001493 4039
Payment Due Date 04/07/06
MINIMUM PAYMENT DUE $119.00

CALL 1-866-522-7587 TO MAKE YOUR
PAYMENT OVER THE PHONE OR
VISIT US ONLINE AT
WWW.CIRCUITCITYREWARDS.COM

---

**MOTIONAL SUMMARY**

| ding ons | Average Daily Balance | Deferred Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | Accumulated Deferred Finance Charges | Promotional Payoff Balance | Promotional Ending Date |
|---|---|---|---|---|---|---|---|---|
| 22 MOS N/WP | $218.00 | 0.0657% | 23.99% | | $3.99 | | $263.09 | 01/14/2008 |

CCOUNT BALANCE MAY CONTAIN PURCHASES THAT REQUIRE A MINIMUM MONTHLY
T BY THE DUE DATE ON THIS STATEMENT. PLEASE REFER TO THE MINIMUM
T DUE FOR THAT AMOUNT. ACCUMULATED DEFERRED FINANCE CHARGES WILL BE
IF YOUR PROMOTIONAL BALANCE(S) IS PAID IN FULL BY THE PROMOTIONAL
DATE SHOWN IN THE PROMOTIONAL SUMMARY SECTION. THE PROMOTIONAL END
AY DIFFER FROM YOUR DUE DATE.

---

**ACTION DETAIL**

| Transaction Date | Reference Number | Transactions | Charges & Credits ◆ |
|---|---|---|---|
| | | **Purchases** | |
| 02/13 | 6044295110835675 | BEST BUY    00003939   W HOLLYWOOD CA | 1,765.96 |
| 02/12 | 6044690441473768 | SMART & FINAL CO.    WEST LOS ANGECA | 17.21 |
| 02/12 | 6044980003861934 | ASIAN KITCHEN    CULVER CITY CA | 9.71 |
| 02/13 | 6045207599700376 | BURGER KING # 9218 Q07  LOS ANGELES CA | 3.78 |
| 02/14 | 6046980002575183 | QUIZNO'S VENICE & ROBERTSCULVER CITY CA | 7.35 |
| 02/15 | 6047585315218229 | PIZZA HUT    07055015  CULVER CITY CA | 14.60 |
| 02/17 | 6048512022011264 | NORM'S LA CIENEGA #50   LOS ANGELES CA | 13.89 |
| 02/18 | 6050049000289276 | SUPER STAR BUFFET RESTAURCULVER CITY CA | 16.75 |
| 02/18 | 6050381831192627 | RALPHS #0284    SF4  CULVER CITY CA | 12.75 |
| 02/20 | 6051295111972634 | BEST BUY    00003939   W HOLLYWOOD CA | 8.65 |
| 02/21 | 4889500000000000 | CIRCUIT CITY CREDIT PURCHASE | 82.24cr |
| | | 142 DIGITAL VIDEO | |

PLANATION OF CODES ON REVERSE
LE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
IATIONS : "py" = Payment, "cr" = Credit
ER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE ◆



**Customer Name**
GARY J DAVIS

**Account Number**
4104-1400-1493-4039

Page 2 of 3

**Payment Tips**

➤  Call 1-866-522-7587 to make your payment over the phone! (A small fee will apply.)
➤  Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
➤  Checks should be made payable to Chase.
➤  Write your account number on your check or money order.
➤  Include the payment coupon with your payment in the envelope provided.
➤  Written correspondence should be sent to:

**CHASE CARDMEMBER SERVICE**
**PO BOX 100044**
**KENNESAW, GA 30156-9244**

| Transaction Date | Reference Number | Transactions | Charges & Credits ◆ |
|---|---|---|---|
| 02/20 | 6052118000100573 | WOK ON FIRE INC        LOS ANGELES  CA | 26.17 |
| 02/20 | 6052383117291564 | COMPUSA/GOOD GUYS #740  LOS ANGELES  CA | 151.54 |
| 02/20 | 6052207599700368 | BURGER KING # 9218 Q07  LOS ANGELES  CA | 2.48 |
| 02/21 | 6053384323115341 | KFC 2610052  26100529  CULVER CITY  CA | 4.85 |
| 02/21 | 4889899004897000 | CIRCUIT CITY CREDIT PURCHASE | 933.53cr |
|  |  | 121 30" AND LARGER TV'S |  |
| 02/23 | 6054000594427855 | TWX*PWR0S6*MAGAZNE P&H  877-813-0001 NY | 2.00 |
| 02/23 | 6055470096300020 | TASTE OF INDIA - C     CULVER CITY  CA | 14.27 |
| 02/22 | 6055138011473500 | EZ NEW WEB LAUNDROMAT  CULVER CITY  CA | 5.45 |
| 02/23 | 6055690551481334 | SMART & FINAL  CO.      WEST LOS ANGECA | 42.10 |
| 02/24 | 6056286299800195 | PAPA JOHN'S PIZZA #2380  LOS ANGELES  CA | 19.73 |
| 02/24 | 6056286299800476 | PAPA JOHN'S PIZZA #2380  LOS ANGELES  CA | 2.00 |
| 02/26 | 6058101912692422 | IHOP #782          LOS ANGELES  CA | 12.07 |
| 02/27 | 6058123365012788 | GABY'S MEDITERRANEAN R  LAS ANGELES  CA | 17.70 |
| 02/27 | 6059783000102064 | JITB #0293  00002931  LOS ANGELES  CA | 2.15 |
| 02/27 | 6059701066620476 | HUS SZECHWAN          LOS ANGELES  CA | 22.64 |
| 02/27 | 6059207599700437 | BURGER KING # 9218 Q07  LOS ANGELES  CA | 2.48 |
| 03/02 | 6061000257186393 | XM *SATELLITE RADIO   800-XMRADIO  DC | 19.94 |
| 03/03 | 0211022004959000 | CIRCUIT CITY PURCHASE | 2,000.00 |
|  |  | 126 PLASMA TV |  |
|  |  | 127 MOUNTS |  |
| 03/07 | 6067197310661034 | PANDA EXPRESS 00006189  CULVER CITY  CA | 6.92 |
| 03/07 | 6067396799783853 | RALPHS #0086    SF4  CULVER CITY  CA | 29.43 |
| 03/07 | 6069442545100024 | INDUSTRY CAFE AND      CULVER CITY  CA | 9.75 |
| 03/09 | 6069293015400299 | KRISTINA S ITALIAN    LOS ANGELES  CA | 16.27 |
| 03/09 | 6069398348919784 | AUTOZONE #5433        LOS ANGELES  CA | 4.32 |
| 03/10 | 6069398535629554 | RALPHS #0086    SF4  CULVER CITY  CA | 3.85 |
| 03/10 | 6069200079900237 | 20/20 VIDEO #12       LOS ANGELES  CA | 12.99 |
| 03/10 | 6070295111933272 | BEST BUY    00001792  CULVER CITY  CA | 39.05 |
| 03/10 | 6070295111933322 | BEST BUY    00001792  CULVER CITY  CA | 40.65 |
| 03/10 | 6070116340010813 | BAJA FRESH 10142      CULVER CITY  CA | 7.63 |
| 03/11 | 6071503106450066 | BESTBUYCOM  88994009  888-BESTBUY  MN | 20.54 |
| 03/12 | 6072120726208791 | NEW PANDA BUFFET      LOS ANGELES  CA | 10.80 |
| 03/13 |  | PURCHASE *FINANCE CHARGE* | 77.25 |
|  |  | **Payments/Credits** |  |
| 03/04 | 6065001000000010 | ONLINE PMT RCVD-THANK YOU | 1,006.00py |
| 03/06 | 6066001000000019 | ONLINE PMT RCVD-THANK YOU | 730.91py |

RTANT INFORMATION

ENTION***

CCOUNT IS IN DISPUTE FOR $396.43. THIS AMOUNT HAS NOT BEEN INCLUDED IN THE FINANCE CHARGE OR MINIMUM PAYMENT
ATIONS.

PLANATION OF CODES ON REVERSE
BLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
/IATIONS : "py" = Payment, "cr" = Credit
FER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

**MAIL BILLING AND OTHER INQUIRIES TO:**
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.





031306 Statement

**Customer Name**
GARY J DAVIS

**Account Number**
4104-1400-1493-4039

Page 3 of 3

**Payment Tips**
- Call 1-866-522-7587 to make your payment over the phone! (A small fee will apply.)
- Mail your payment 7-10 days in advance of your payment due date to allow for mail delivery.
- Checks should be made payable to Chase.
- Write your account number on your check or money order.
- Include the payment coupon with your payment in the envelope provided.
- Written correspondence should be sent to:

CHASE CARDMEMBER SERVICE
PO BOX 100044
KENNESAW, GA 30156-9244

Use your Circuit City credit card and take advantage of special financing
promotions available at your local Circuit City stores!

As a Valued Cardmember, you can claim high-quality merchandise
from top brands such as Lenox, Harley-Davidson, Cross and many
more!  Just go to www.rewardcenter.com and enter 157511 where
it asks for your certificate number.  These products are not
available to the general public, so act now!

Redeem your rewards points today and use your Rewards Certificates towards
your next purchase at Circuit City. For every 500 points you earn, you'll
receive a $5 Rewards Certificate. Just visit circuitcityrewards.com anytime
to check your point balance and redeem for Rewards Certificates.

**/ARDS POINTS SUMMARY**

Your Circuit City Rewards ID Number is  70021534100

| | |
|---|---|
| The number of Rewards Points you have earned (through 03/10/2006) | 50,421 |
| The total number of Rewards Points that are available for you to redeem | 1,790 |
| The number of Rewards Points that are pending in your account | -2,369 |

**NCE CHARGE SUMMARY**

| ✳ | Average Daily Balance | Daily Periodic Rate*** | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE | ANNUAL PERCENTAGE RATE | |
|---|---|---|---|---|---|---|
| Purchases A | $4,232.35 | 0.0652% | 23.79% | $77.25 | 22.45% | SEE REVERSE SIDE FOR IMPORTANT INFORMATION |
| Purchases B | $0.00 | 0.0652% | 23.79% | $0.00 | | |
| Cash Advances C | $0.00 | 0.0761% | 27.79% | $0.00 | | |

*RIODIC RATE MAY VARY FROM MONTH TO MONTH

:PLANATION OF CODES ON REVERSE
.BLE CASH ADVANCE IS INCLUDED IN AVAILABLE CREDIT LIMIT
VIATIONS : "py" = Payment, "cr" = Credit
our automated information call 1-866-522-7587
er Service Advisors are available Monday - Friday 10am - 9pm ET
rt your credit card lost or stolen 24 hours a day call (888) 898-4142
.D. (Telephone Device for the Hearing Impaired), call (800) 925-1794
FER TO INTEREST FREE SPECIAL PURCHASES ON REVERSE.

MAIL BILLING AND OTHER INQUIRIES TO:
CHASE CARDMEMBER SERVICE
PO BOX 100045
KENNESAW, GA 30156-9245
See form on reverse side.

CHASE ○

in full within the time stated on the statement) and at the end of the billing order, provided this statement will be shown on or payable through a U.S. financial institution or the U.S. branch of a foreign financial institution. Do not send cash. Write your account number on your check or money order. Payments must be accompanied by the payment coupon in the envelope provided with our address visible through the envelope window; the envelope cannot contain more than one payment or coupon; and there can be no staples, paper clips, tape or correspondence included with your payment. If your payment is in accordance with our payment instructions and is made available to us on any day except December 25 by 1:00 p.m. local time at our post office box designated for payments on this statement, we will credit the payment to your account as of that day. If your payment is in accordance with our payment instructions, but is made available to us after 1:00 p.m. local time at our post office box designated for payments on this statement, we will credit it to your account as of the next day. If you do not follow our payment instructions or if your payment is not sent by regular U.S. mail to our post office box designated for payments, crediting of your payment may be delayed for up to 5 days. Payments made electronically through our automated telephone service, Customer Service advisors, or our web site will be subject to any processing times disclosed for those payments.

**Account Information Reported to Credit Bureaus:** We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. If you think we have reported inaccurate information to a credit bureau, you may write to us at the Cardmember Service address listed on your billing statement.

**Conditional Payments:** Any payment check or other form of payment that you send us for less than the full balance due that is marked "paid in full" or contains a similar notation, or that you otherwise tender in full satisfaction of a disputed amount, must be sent to Cardmember Service, P.O. Box 100045, Kennesaw, GA 30156. We reserve all our rights regarding these payments (e.g. – if it is determined there is no valid dispute or if any such check is received at any other address, we may accept the check and you will still owe any remaining balance). We may refuse to accept any such payment by returning it to you, not cashing it or destroying it. All other payments that you make should be sent to the appropriate payment address.

**Explanation of Finance Charges:** The balance calculation method for purchases is the Two-Cycle Average Daily Balance (including new purchases). If your annual percentage rate (APR) is variable, the index and margin used to determine that rate and its corresponding APR are described in your Cardmember Agreement, as amended. Finance charges for each billing cycle are computed for transactions in the following manner:

We compute a portion of your finance charge by multiplying a daily periodic rate by a daily balance for each day in the billing cycle for each balance type. We calculate periodic finance charges separately for each balance associated with a different balance type. These calculations for each balance type may include different transactions with the same daily periodic rates. The balance types are the average daily balance of:

- **Balance Type A – Purchases (including new Purchases)** are your regular purchases to which Interest Free Special Purchase and Special Purchase promotional terms do not apply or have terminated, and also includes all unpaid debt cancellation charges, expedited payment fees and any other charges except cash advances and finance charges on cash advances.
- **Balance Type B – Previous Cycle Purchases (including previous cycle new purchases)** are regular purchases for the previous billing cycle using the same kinds of purchases and other charges as are used in computing Balance Type A for the current billing cycle.
- **Balance Type C – Cash Advances (including new cash advances)** are your regular cash advances to which Reduced Rate Cash Advance promotional terms do not apply and finance charges on regular cash advances.
- **Balance Type D – Interest Free Special Purchases (including new Interest Free Special Purchases)** are special promotional purchase balances and **Balance Type E – Interest Free Cash Advances (including new Interest Free Cash Advances)** are special promotional cash advance balances. Finance charges accruing on these balance types are not added to your account balance, but instead they are accumulated from billing cycle to billing cycle and posted to your account as Accumulated Finance Charges only if the Interest Free Special Purchase or Interest Free Cash Advance has not been paid in full by the end of the time period specified in the promotional offer. Accumulated Finance Charges also may be added to your account balance and the Interest Free promotion will terminate if the default rate takes effect on your account balances because you default under your Agreement. Until accumulated finance charges are posted to your account, we refer to these amounts as "Accumulated Deferred Finance Charges." For each billing cycle during which any Accumulated Finance Charges for any terminated Interest Free Special Purchase or Interest Free Cash Advance are posted to your account, your statement will also disclose the average daily balance of such purchase or cash advances for that billing cycle.
- **Balance Type F – Special Purchases (including new Special Purchases)** are special promotional purchase balances to which special promotional terms (other than Interest Free terms described above) apply until the expiration of any time period specified in the promotional offer. A Special Purchase promotion also will terminate if the default rate takes effect on your account balances because you default under your Agreement.
- **Balance Type G – Reduced Rate Cash Advances (including new Reduced Rate Cash Advances)** are special promotional cash advance balances to which a special reduced daily periodic rate applies.

To determine the daily balance for each balance type we (i) take the beginning balance of transactions of that type in your account each day (including any unpaid finance charges, fees or other charges applicable to that balance type), and (ii) add any new transactions of that type and add any new fees or other charges of the kinds referred to in (i) above; and (iii) subtract the applicable portion of any payments and credits applied to your account as of that day, and (for Balance Types D, E and F) subtract the unpaid balance of any purchases or cash advances for which the Interest Free Special Purchase feature, Interest Free Cash Advances or Special Purchase feature, as applicable, terminated as of that day.

Transactions, balance transfer/convenience check fees and cash advance fees are added to a balance as of the date of the transaction or a later date of our choice. Other charges of the kinds referred to in (i) above are added as of the date the charge is posted to your account. Accumulated Finance Charges on any Interest Free Special Purchases are added to Balance Type A, and Accumulated Finance Charges on any Interest Free Special Cash Advances are added to

Balance Type C, as of the first day of the next billing cycle following the day on which the Interest Free feature expires if the Interest Free Special Purchases or Cash Advances have not been paid in full by that date, or as of the first day of the billing cycle that includes the day on which the Interest Free feature is terminated early because the default rate takes effect on your account balances. This gives us the daily balance for each balance type for each day in the billing cycle for each balance type. We add each day's daily periodic finance charge to the beginning daily balance for the next day.

There is a minimum finance charge of $1 on purchases (with regard to balance types A and B) and a minimum finance charge of $1 on cash advances in any billing cycle in which you owe periodic finance charges on these balance types. There is a transaction fee finance charge for each balance transfer, balance transfer/convenience check, or cash advance, in the amount stated in your Cardmember Agreement, as amended. To get the total periodic finance charge for the billing cycle, we add all of the daily periodic finance charges for each day during the billing cycle for each balance type. Your total finance charge for the billing cycle is the sum of (1) any balance transfer/convenience check fee and cash advance transaction fees, (2) the periodic finance charges computed as described above on cash advance balances in balance types C, E and G, and (3) the periodic finance charges computed as described above on purchase balance types A, B, D, and F, except that the periodic finance charges on balance type D and E are accumulated from billing cycle to billing cycle and are only added to your account as Accumulated Finance Charges under the circumstances mentioned above.

For each balance type we calculate an average daily balance (including new transactions) for the billing cycle by adding all your daily balances and dividing that amount by the number of days in the billing cycle. If you multiply the average daily balance for a balance type by that balance type's daily periodic rate, and multiply the result by the number of days in the billing cycle, the total will equal the periodic finance charges for that balance type attributable to that billing cycle, except for minor variations due to rounding.

**Grace Period:** We accrue periodic finance charges on a transaction, fee, or finance charge from the date it is added to your daily balance until payment in full is received on your account. However, we do not charge periodic finance charges on new purchases billed during a billing cycle if we receive payment of your New Balance by the date and time your payment is due as shown on your billing statement and we received payment of your New Balance on your previous billing statement by the date and time your payment was due as shown on that billing statement. This exception or "grace period" of at least 20 days only applies to purchases, except it does not apply to Balance Type F – Special Purchases, balance transfers, balance transfer/convenience checks or any cash advances, including cash advance checks. A finance charge is computed on Balance Type B – Previous Cycle Purchases only if the New Balance shown on your billing statement for the previous billing cycle was not paid in full by the date and time shown on your previous billing statement and the Previous Balance shown on your billing statement for the previous billing cycle was zero, was a credit balance, or was paid in full during the previous billing cycle.

**Annual Renewal Notice:** If your account has an annual fee, it will be billed each year or in monthly installments, whether or not you use your account, and you agree to pay it when billed. The annual fee is non-refundable unless you notify us that you wish to close your account within 30 days of the date we mail your statement on which the annual fee is charged and at the same time, you pay your outstanding balance in full. Your payment of the annual fee does not affect our rights to close your account and to limit your right to make transactions on your account. If your account is closed by you or us, we will continue to charge the annual fee until you pay your outstanding balance in full and terminate your account relationship.

Your billing rights are summarized on the front of this statement.

**Billing Rights Summary:**

In case of errors or questions about your bill, if you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet at the Cardmember Service address shown on your billing statement as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights.

In your letter, give us the following information:
- Your name and account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay the amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we are investigating your question, we cannot report you as delinquent on the disputed amount or take any action to collect the amount you question. If you have authorized us to pay your credit card bill automatically from your savings or checking account, you can stop the payment on any amount you think is wrong. To stop the payment, your letter or call (using the Cardmember Service address or telephone number shown on this statement) must reach us at least three business days before the automatic payment is scheduled to occur.

**Special Rule for Credit Card Purchases:** If you have a problem with the quality of goods or services that you purchased with a credit card (excluding purchases made with a check), and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant, or if we mailed you the advertisement for the property or services, all purchases are covered regardless of amount or location of purchase.)

84006-CXI

**PROOF OF SERVICE**

STATE OF CALIFORNIA         )
                           ) ss.
COUNTY OF LOS ANGELES  )

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5820 Canoga Avenue, Suite 250, Woodland Hills, California 91367.

      On **March 17, 2009**, I served the foregoing document described as **FIRST AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒    **BY U.S. MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **March 17, 2009**, at Woodland Hills, California.

*Lourdes Casas*
LOURDES CASAS

- 1 -

1

# SERVICE LIST

2 Julia B. Strickland, Esq.
3 Stephen J. Newman, Esq.
   David W. Moon, Esq.
4 Nancy M. Lee, Esq.
5 STROOCK & STROOCK
6 & LAVAN, LLP
   2029 Century Park East, Suite 1800
7 Los Angeles, California 90067-3086
8 Telephone:  310-556-5800
   Facsimile:   310-556-5959
9 E-mail:    lacalendar@stroock.com

10
   Jeff Westerman, Esq.
11 Sabrina Kim, Esq.
12 MILBERG, LLP
   One California Plaza
13 300 South Grand Avenue, Suite 3900
14 Los Angeles, California 90071
   Telephone: (213) 617-1200
15 Facsimile: (213) 617-1975

16
17 Peter E. Glick, Esq.
   400 Capitol Mall, Suite 1100
18 Sacramento, CA 95814
19 Telephone:  916-558-6182
   Facsimile:   916-448-2434
20

21

22

23

24

25

26

27

28