1

2

3                                                        O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   GARY DAVIS, an individual,    )   Case No. CV 06-04804 DDP (PJWx)
     on behalf of himself, and as  )
12   PRIVATE ATTORNEY GENERAL,     )   **ORDER DENYING DEFENDANT'S MOTION**
     and on behalf of all others   )   **FOR REVIEW OF MAGISTRATE JUDGE'S**
13   similarly situated,           )   **ORDER FILED FEBRUARY 25, 2010**
                                   )   [Motion filed on March 11, 2010]
14                  Plaintiff,     )
                                   )
15        v.                       )
                                   )
16   CHASE BANK U.S.A., N.A., a     )
     Delaware corporation;        )
17   CIRCUIT CITY STORES, INC., a  )
     Virginia corporation ,        )
18                                 )
                    Defendants.    )
19   _____)

20        This matter comes before the Court on a Motion for Review of

21   Magistrate Judge's Order Filed February 25, 2010, filed by the

22   defendant Chase Bank U.S.A., N.A. ("Chase").  After reviewing the

23   papers submitted by the parties and considering the arguments

24   therein, the Court denies the motion and adopts the following

25   Order.

26   **I.    BACKGROUND**

27        The plaintiff Gary Davis ("Plaintiff") filed this putative

28   class action against Chase on behalf of cardholders of the Chase

Circuit City Rewards Card, alleging that Chase used fraudulent and unfair business practices to charge cardholders finance charges in connection with their Circuit City purchases.

On January 21, 2010, Plaintiff filed a motion to compel, seeking the names and contact information of 1,200 putative class members out of 402,000 whom Chase has admitted it can identify. In addition, the motion to compel sought a sampling of the documents Chase used to identify these potential class members.

On February 25, 2010, Magistrate Judge Walsh issued a minute order granting Plaintiff's motion. The minute order directed Chase to produce discovery relating to a sampling of 1,200 potential class members, including the names, addresses, telephone numbers, e-mail addresses, and billing records for at least 150 cardholders for each year from 2002 through 2010, subject to the stipulated protective order previously entered. It also directed Chase to submit a declaration setting forth how the 1,200 cardholders were selected. Finally, it provided that after Chase's production of this information, Plaintiff would use a third-party administrator to contact the putative class members to provide them the option to opt out of being contacted by Plaintiff's counsel.

Chase filed this motion challenging Magistrate Judge Walsh's Order on March 11, 2010. Chase argues that the underlying order impinges on cardholders' privacy, misapplies California law, and erroneously provides for an opt-out rather than opt-in procedure for contacting putative class members. In addition, Chase argues that the documents at issue are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff filed an opposition on March 22, 2010.

1  II.   **LEGAL STANDARD**

2       Federal Rule of Civil Procedure 72 and 28 U.S.C.

3  § 636(b)(1)(A) govern the authority of magistrate judges to enter

4  non-dispositive discovery orders and the review of those orders.

5  Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th

6  Cir. 1991).   Section 636(b)(1)(A) provides that a district court

7  judge "may reconsider any pretrial matter . . . where it has been

8  shown that the magistrate's order is clearly erroneous or contrary

9  to law."  28 U.S.C. § 636 (2005); see Fed. R. Civ. P. 72(a) ("The

10  district judge in the case must consider timely objections and

11  modify or set aside any part of the [nondispositive] order that is

12  clearly erroneous or is contrary to law.").

13       "The 'clearly erroneous' standard applies to the magistrate

14  judge's factual determinations and discretionary decisions . . . ."

15  Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980,

16  983 (S.D. Cal. 1999).   "Under this standard, the district court can

17  overturn the magistrate judge's ruling only if the district court

18  is left with the definite and firm conviction that a mistake has

19  been made."  Id. (internal quotation marks and citation omitted).

20  The "contrary to law" standard, on the other hand, "applies to the

21  magistrate judge's legal conclusions, which are reviewed de novo."

22  China Nat'l Metal Prods. Import/ Export Co. v. Apex Digital, Inc.,

23  155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001).

24  III. **DISCUSSION**

25       A.   **Cardholders' Privacy**

26       Chase argues that the magistrate judge's Order misapplies

27  California law and compromises cardholders' privacy rights.   As an

28  initial matter, the Court notes that Chase has standing to assert

1  the privacy interests of its cardholders' in the identifying

2  information they gave to Chase on credit card applications.

3  Pioneer Elecs. (USA), Inc. v. Super. Ct., 150 P.3d 198, 202 (Cal.

4  2007); see also Valley Bank of Nev. v. Super. Ct., 542 P.2d 977,

5  980 (Cal. 1975).

6       In Hill v. Nat'l Collegiate Athletic Ass'n, 865 P.2d 633, 654-

7  55 (Cal. 1994), the California Supreme Court "set forth in detail

8  the analytic framework for assessing claims of invasion of privacy

9  under the state Constitution."  Pioneer, 150 P.3d at 204.  First,

10  the claimant must establish that he possesses a "'legally protected

11  privacy interest.'"  Id. (quoting Hill, 865 P.2d at 654).  Second,

12  the claimant "must possess a reasonable expectation of privacy

13  under the particular circumstances, including 'customs, practices,

14  and physical settings surrounding particular activities.'"  Id.

15  (quoting Hill, 865 P.2d at 654).  Third, "the invasion of privacy

16  complained of must be 'serious' in nature, scope, and actual or

17  potential impact to constitute an 'egregious' breach of social

18  norms, for trivial invasions afford no cause of action."  Id.

19  (quoting Hill, 865 P.2d at 655).  Finally, "[a]ssuming that a

20  claimant has met the foregoing Hill criteria for invasion of a

21  privacy interest, that interest must be measured against other

22  competing or countervailing interests in a 'balancing test.'"  Id.

23  (quoting Hill, 865 P.2d at 655).

24          1.   Legally Protected Privacy Interest

25       In Hill, the California Supreme Court recognized that "an

26  interest in 'precluding the dissemination or misuse of sensitive

27  and confidential information (informational privacy)'" is a legally

28  protected privacy interest.  Hill, 865 P.2d at 654 (internal

4

1   citations omitted).  Under _Hill_, this class of information is
2   deemed private "when well-established social norms recognize the
3   need to maximize individual control over its dissemination and use
4   to prevent unjustified embarrassment or indignity." _Pioneer_, 150
5   P.3d at 204.  Additionally, _Hill_ recognized the interest "in making
6   intimate personal decisions or conducting personal activities
7   without observation, intrusion, or interference ('autonomy
8   privacy')."  _Id._

9        It is clear that personal identifying information and billing
10  records relating to credit card transactions are entitled to some
11  privacy protection.  _See id._ at 205.

12                **2.   Reasonable Expectation of Privacy**

13       Because California privacy laws "extend[] to one's
14  confidential financial affairs . . . a bank customer's reasonable
15  expectation is that, _absent compulsion by legal process_, the
16  matters he reveals to the bank will be utilized by the bank only
17  for internal banking purposes."  _Id._ at 203 (internal quotation
18  marks and citations omitted) (emphasis in original).  In _Pioneer_,
19  although the Court recognized that customers had a reasonable
20  expectation of privacy in their personal identifying information,
21  it concluded that they "did not have a reasonable expectation that
22  the information would be kept private _unless they affirmatively_
23  _consented_ . . . ."  150 P.3d at 205 (emphasis in original).

24       In this case, Magistrate Judge Walsh concluded that "[t]he
25  putative class members already provided [their contact information]
26  to Defendant, and it is reasonable to assume that most of this
27  information is publically available on the web, including
28  addresses, phone numbers, etc."  The Court agrees.  Although the

                                    5

putative class members in this case clearly have some expectation
of privacy in their identifying information and billing records,
that privacy interest is subject to balancing against competing
interests.

### 3.   Serious Invasion of Privacy

"Contact information regarding the identity of potential class
members is generally discoverable, so that the lead plaintiff may
learn the names of other persons who might assist in prosecuting
the case." Id. "Such disclosure involves no revelation of
personal or business secrets, intimate activities, or similar
private information, and threatens no undue intrusion into one's
personal life, such as mass-marketing efforts or unsolicited sales
itches." Id. at 206. Of course, "reasonable steps should be taken
to notify bank customers of the disclosure of their identifying
information." Id. at 205 (internal quotation marks and citation
omitted). Such a "limited disclosure" does not "unduly interfere
with either form of privacy [informational or autonomy privacy],
given that the affected persons readily may submit objections if
they choose." Id.

Here, the magistrate judge noted that the disclosure of names,
addresses, telephone numbers, and email addresses is not as serious
an invasion of privacy as, for example, the disclosure of "medical
records or the like, which might cause the average person to be
particularly sensitive about information being released." (Minute
Order Dkt. No. 159.) Furthermore, Magistrate Judge Walsh ordered
Plaintiff to employ the services of a third-party administrator who
would contact the putative class members and give them the option
to opt out of being contacted. (Id.) Although disclosure of

1  billing records is more intrusive than the revelation of contact
2  information, such records are subject to the protective order in
3  this case, which lessens the degree of intrusion.

4      The Court therefore concludes that Magistrate Judge Walsh did
5  not err in concluding that Chase failed to demonstrate a
6  sufficiently serious invasion of privacy to preclude disclosure.

7              **4.   Balancing Opposing Interests**

8      Chase's failure to demonstrate each of the above elements
9  could end the inquiry, "as these elements are essential to any
10 breach of privacy cause of action under Hill before any balancing
11 of interests is necessary." Pioneer, 150 P.3d at 206 (citation
12 omitted).  However, balancing cardholders' privacy interest against
13 Plaintiff's interest in disclosure reinforces the Court's
14 conclusion that the underlying order should not be set aside.

15     First, "[f]rom the standpoint of fairness to the litigants in
16 prosecuting or defending the forthcoming class action, [the
17 defendant] would possess a significant advantage if it could retain
18 for its own exclusive use and benefit the contact information of
19 those customers" who form the putative class.  Id.  "Were plaintiff
20 also able to contact these customers and learn of their
21 experiences, he could improve his chances of marshalling a
22 successful class action . . . thus perhaps ultimately benefitting
23 some, if not all, those customers."  Id.

24     Second, requiring the type of "opt-in" notice suggested by
25 Chase was rejected in Pioneer because such an approach "could have
26 potentially adverse effects in cases brought to redress a variety
27 of social ills, including consumer rights litigation."  Id.
28 "[P]reventing or substantially delaying identification of witnesses

7

and potential class members could make it more difficult to obtain

class certification, thereby reducing the effectiveness of class

actions as a means to provide relief in consumer protection cases."

<u>Id.</u> at 207.

Third, Chase's argument that Plaintiff must make a showing of

"compelling need" has been rejected by the California Supreme Court

in similar circumstances.  <u>Hill</u>, 865 P.2d at 654 ("[N]ot every

assertion of a Constitutional privacy interest need be overcome by

a compelling interest.").

Given (1) the protective order and (2) the use of a third

party to administer an "opt-out" notice procedure, the Court

concludes that the balance weighs in favor of disclosure.

**B.   Relevance**

Finally, Chase argues that Magistrate Judge Walsh erred in

ordering disclosure of documents dating to 2002 because Chase did

not own the Circuit City portfolio until May 25, 2004.  (Mot.

18:16-19.)  Chase argues that "Plaintiff is judicially estopped

from asserting liability against Chase based on the pre-May 2004

portfolio."  (<u>Id.</u> 19:13-15.)

However, relevance under Rule 26(b)(1) "has been construed

broadly to encompass any matter that bears on, or that reasonably

could lead to other matter that could bear on, any issue that is or

may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S.

340, 351 (1978) (citation omitted).  Furthermore, discovery is not

"limited to the merits of a case, for a variety of fact-oriented

issues may arise during litigation that are not related to the

merits."  <u>Id.</u>; <u>see also</u> <u>id.</u> at 351 n.13 ("Similarly, discovery

often has been used to illuminate issues upon which a district

8

1 court must pass in deciding whether a suit should proceed as a

2 class action under Rule 23, such as numerosity, common questions,

3 and adequacy of representation.").

4     In light of the broad standard of relevance in the discovery

5 context, the Court cannot say that Magistrate Judge Walsh abused

6 his discretion in concluding that the scope of the disclosure

7 should records dating to 2002. <u>Geophysical Sys. Corp. v. Raytheon</u>

8 <u>Co., Inc.</u>, 117 F.R.D. 646, 647 (C.D. Cal. 1987) (Tashima, J.)

9 (holding that determinations of relevance in the discovery context

10 are reviewed under "the clearly implicit standard of abuse of

11 discretion.").

12 **IV.  CONCLUSION**

13     For the foregoing reasons, Chase's motion for review is

14 DENIED.

15 IT IS SO ORDERED.

16

17

18 Dated: April 14, 2010

19                                   DEAN D. PREGERSON
                                  United States District Judge

20

21

22

23

24

25

26

27

28