# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DAVIS, an individual, on behalf of himself, as Private Attorney General, and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>CHASE BANK U.S.A., N.A., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. CV 06-04804 DDP (PJWx)<br><br>Assigned to the Hon. Dean D. Pregerson<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER** |

WHEREAS, Plaintiffs have made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement of the above-captioned action (the "Lawsuit") in accordance with the Stipulation and Agreement of Settlement filed with this Court on _____, 2014 (the "Agreement" or the "Settlement"), and the exhibits attached thereto, entered into by and between Plaintiffs and Chase, setting forth the terms and conditions for a proposed settlement of the Lawsuit and its dismissal with prejudice; and

WHEREAS, Chase does not oppose Plaintiffs' Motion; and

WHEREAS, as a condition of the Agreement, Plaintiffs, on behalf of themselves individually and on behalf of each of the Settlement Class Members, have agreed to release all claims arising under federal, state or common law as specified in Sections 6.1 and 6.2 of the Agreement; and

WHEREAS, this Court having read and considered Plaintiffs' Motion, the Agreement and exhibits attached thereto, as well as all arguments and submissions from the Parties and any intervenors at the noticed hearings; and

WHEREAS, all defined terms have the same meaning as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of this Lawsuit, this Court has subject matter jurisdiction and, for purposes of the Settlement only, this Court has personal jurisdiction over the Parties, including all Settlement Class Members.

2. For purposes of this Settlement only, this Court preliminarily certifies the following Settlement Class:

> All Chase Circuit City Rewards Credit Cardmembers with California billing addresses who, between May 26, 2004 and the entry of this Preliminary Approval Order (inclusive), made a promotional or deferred-interest purchase at Circuit City and who, as a result of payments or credits being allocated to a regular purchase balance after the promotional or deferred-interest balance, paid more in finance charges than they would have paid if the payments or credits had first been applied to the regular purchase balance.

1  The Settlement Class preliminarily is certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members will have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 12.

3. This Court preliminarily finds, solely for purposes of the Settlement, that the Lawsuit may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Lawsuit is impracticable; (b) there are questions of law and fact common to Settlement Class Members that predominate over any individual questions; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. This Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 7.

5. This Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designates Plaintiffs as the representatives of the Settlement Class.

6. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and oral and written arguments, this Court designates as Class Counsel the law firms of Westerman Law Corp., Roxborough, Pomerance, Nye & Adreani, LLP and Milberg LLP. This Court preliminarily finds that based on the work Class Counsel have done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this Lawsuit, Class Counsel's knowledge of the applicable law and the resources Class Counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. Plaintiffs and

1  Class Counsel, on behalf of the Settlement Class, are authorized to take all
2  appropriate action required or permitted to be taken by the Settlement Class pursuant
3  to the Agreement to effectuate its terms.

4      7.    The Final Fairness Hearing will take place before the Honorable Dean
5  D. Pregerson on _____, 2014 **[a date on or after one hundred and thirty-five
6  (135) days following entry of this Order]** at _____ a.m./p.m. at the United States
7  District Court, Central District of California, Courtroom #3, 312 Spring Street, Los
8  Angeles, California 90012, to determine:  whether the proposed Settlement of the
9  Lawsuit on the terms and conditions provided for in the Agreement is fair, adequate
10 and reasonable as to the Settlement Class Members and should be approved; whether
11 the Judgment, as provided for in the Agreement, should be entered; and whether the
12 amount of fees and costs that should be awarded to Class Counsel, and the amount of
13 the service awards that should be awarded to Plaintiffs, as provided for in the
14 Agreement.  The Court will also hear and consider any properly lodged objections at
15 that time.

16     8.    This Court approves Gilardi & Co. LLC as the Settlement
17 Administrator.  The Settlement Administrator is directed to implement the notice
18 program set forth in Sections 7.2 and 7.3 of the Agreement.

19     9.    This civil action was commenced after February 18, 2005.  To the extent
20 it has not already done so, the Court directs Chase to notify the appropriate Federal
21 and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715,
22 and, at or before the Final Fairness Hearing, file proof that such notice has been
23 given.

24     10.    This Court finds that notice as set forth in Sections 7.2 and 7.3 of the
25 Agreement are the only notice required, and that such notice satisfies the
26 requirements of due process, the Federal Rules of Civil Procedure, the Class Action
27 Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and
28 constitutes the best notice practicable under the circumstances and will constitute due

and sufficient notice to all persons entitled thereto.  This Court approves the form and content of the Postcard Notice and Long-form Notice attached as Exhibits C and D to the Agreement.

11. All Settlement Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23(b)(3), pursuant to the procedure set forth in Paragraph 12 below, will be bound by all determinations and judgments in this Lawsuit concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in Sections 6.1 and 6.2 of the Agreement.

12. Any Settlement Class Member who wishes to opt-out of the Settlement Class will submit to the Settlement Administrator an appropriate written request for exclusion by mail, postmarked no later than one hundred and five (105) days after entry of this Order.  The request for exclusion must be personally signed by the Settlement Class Member, and include:  (i) the Settlement Class Member's name, address, telephone number; (ii) the last four digits of the Settlement Class Member's Chase credit card account number(s); (iii) a sentence certifying that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in <u>Davis v. Chase Bank USA, N.A.</u>, United States District Court, Central District of California, Case No. 2:06-CV-04804-DDP-PJW."  No Settlement Class Member, or any person acting on behalf of or in concert or participation with a Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

13. Any Settlement Class Member, who has not previously opted-out in accordance with the terms of Paragraph 12 above, may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service awards to Plaintiffs; provided, however, that no Settlement Class Member will be heard, and no objection may be considered, unless the Settlement Class

- 4 -
[PROPOSED] PRELIMINARY APPROVAL ORDER

LA 51732215

Member files with this Court a written statement of the objection postmarked no later than one hundred and five (105) days following entry of this Order. Copies of all objection papers also must be served electronically via the Court's ECF system or mailed, postmarked no later than one hundred and five (105) days following entry of this Preliminary Approval Order, to each of the following: Class Counsel, Drew Pomerance, Esq., Roxborough, Pomerance, Nye & Adreani, LLP, 5820 Canoga Avenue, Woodland Hills CA 91367-6549; and counsel for Chase, Julia B. Strickland, Esq. and Stephen J. Newman, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, 16th Floor, Los Angeles, California 90067. All objections must include: (i) the objector's name, address and telephone number; (ii) the last four digits of the objector's Circuit City Rewards Credit Card account number(s); (iii) a sentence certifying he or she is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the Settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the objector may seek to offer into evidence at the Final Fairness Hearing; (vii) a sentence certifying that the objector has not been promised anything in return for objecting; and (viii) the personal signature of the objector.

14. Class Counsel will submit their papers in support of final approval of the Settlement and their application for attorneys' fees and reimbursement of expenses by no later than twenty (20) days before the objection deadline set by Paragraph 13 above.

15. Class Counsel will submit their papers in response to any objections by no later than seven (7) days before the Final Fairness Hearing.

16. The costs of notice and settlement administration shall be paid as described in Section 4 of the Agreement.

17. All proceedings in this Lawsuit are stayed pending final approval of the Settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

1       18.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction will not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 12 above.  This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

        19.     This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.  This Court may approve or modify the Settlement without further notice to Settlement Class Members.

        IT IS SO ORDERED.

Dated: _____           _____
                                          DEAN D. PREGERSON
                                          United States District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 23, 2014, a true and correct copy of the foregoing [PROPOSED] PRELIMINARY APPROVAL ORDER was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

<u>s/ Elia Ramirez</u>
Elia Ramirez

CASE NO. CV 06 4804 DDP (PJWx)